# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROXANNE RUSHING-BUTTS,

    Plaintiff,

v.

Case. No. 13-10645
HON. TERRENCE G. BERG

OAK PARK POLICE OFFICER
BAUMGARDNER, and OAK PARK
POLICE OFFICER EDWARDS #1226,

    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT (DKT. 28)

In this case, Plaintiff Roxanne Rushing-Butts is suing Defendant Oak Park Police Officer Edwards,[1] under 42 U.S.C. § 1983 and various state laws for allegedly violating her rights during an incident which occurred at her home on December 24, 2011.

The matter is now before the Court on Defendant's motion for summary judgment. As stated on the record at the conclusion of the motion hearing held on February 12, 2014, Defendant Edwards is entitled to both qualified and governmental immunity. Accordingly, his Motion for Summary Judgment is GRANTED and this case is DISMISSED WITH PREJUDICE.

---

[1] Another Oak Park Police Officer, Baumgardner, was initially named as a co-defendant in this case. However, during the hearing on Defendants' summary judgment motion, Plaintiff's counsel conceded that Officer Baumgardner should be dismissed from this action. Likewise, Plaintiff's counsel also stated that Plaintiff was no longer intending to advance her excessive force claim. Accordingly, the Motion is granted without opinion as to Officer Baumgardner on all counts and as to Officer Edwards on Count II, the excessive force claim. This Opinion only addresses the claims that were still pending against Officer Edwards at the time of the motion hearing: (1) unreasonable seizure, (2) false arrest, and (3) false imprisonment.

I. UNDISPUTED FACTS

Early on the morning of December 24, 2011, Officer Edwards responded to a 911 call regarding a domestic incident. Upon arriving at the scene, Edwards encountered Plaintiff, who appeared to him to be under the influence of alcohol. Edwards began questioning Plaintiff and she admitted (1) that she had recently driven herself home,[2] and (2) that she had been drinking. Edwards proceeded to conduct several field sobriety tests, all of which Plaintiff failed. Edwards then administered a preliminary breath test ("PBT"), which registered Plaintiff's blood-alcohol content as .149 grams per 210 liters of breath. Based on Plaintiff's admissions and his training and understanding that, regardless of the amount of alcohol consumed, blood alcohol content can only physiologically increase at a rate of .025 or decrease at a rate of .015 per hour, Officer Edwards believed Plaintiff's blood alcohol content was more likely than not above the legal limit of .08 when she had recently operated her vehicle. Officer Edwards subsequently arrested Plaintiff for operating a motor vehicle while intoxicated, in violation of MCL § 257.625(1), a

---

[2] There is some dispute as to when Plaintiff arrived home. According to Officer Edwards' incident report, Plaintiff stated that she had arrived home approximately one half-hour prior to the officers' arrival (Dkt. 28, Ex. F). In her deposition testimony, Plaintiff first stated that she had been home for approximately 50 minutes before the police arrived (Dkt. 28, Ex. B, Pl. Dep. Tr. at 26:24-27:2; 34:24-35:2; 36:14-18; 38:22-25), but then later testified that she had been home for approximately two hours (Id. at 44:1-2). Regardless, the exact time of Plaintiff's arrival is not material to the resolution of Defendant's motion. Whether Plaintiff had been home for two hours (and drinking additional amounts of alcohol, as she claims), or whether she was only home for 30 minutes, it was not unreasonable, in light of Officer Edwards' training and experience, for him to conclude that a person with a blood alcohol content of .149 would still have had a level of .08 or greater within the past two hours because, even if Plaintiff had been drinking non-stop during that period, she could only have increased her blood alcohol content by .050, meaning that, two hours previously, when she was by her own account behind the wheel, her blood alcohol level would have been at least .099 (.149 minus .050), high enough to justify an arrest for OWI.

misdemeanor punishable upon a first offense by up to 93 days in jail. *See* MCL § 257.625(9)(a)(ii).[3]

## II. ANALYSIS

Officer Edwards has now moved for summary judgment on the basis of both qualified and governmental immunity (Dkt. 28). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact such that the movant is entitled to a judgment as a matter of law." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013); *see also* Fed. R. Civ. P. 56(a). "As the moving parties, the defendants have the initial burden to show that there is an absence of evidence to support [plaintiff's] case." *Selhv v. Caruso*, 734 F.3d 554 (6th Cir. 2013). Once the moving party has met its burden, the non-moving party "'may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial.'" *Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (citing *Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir. 2009)). Here, Defendant has met his initial burden to show the absence of a

---

[3] Although Plaintiff was arrested without a warrant for an offense purportedly committed outside the presence of Officer Edwards, the arrest would still be proper under Michigan law, as long as Officer Edwards had a reasonable belief as to probable cause. *See People v. Stephen*, 262 Mich.App. 213, 219 (Mich. Ct. App. 2004) ("a peace officer may arrest a person without a warrant if the officer has reasonable cause to believe a misdemeanor punishable by more than ninety-two days' imprisonment occurred, and reasonable cause to believe the person committed it. MCL § 764.15(1)(d)"); MCL § 257.625(9)(a)(ii) (indicating that operating a vehicle while intoxicated as a first offense is a misdemeanor punishable by imprisonment for not more than *ninety-three days*.).

3

material question of fact, and Plaintiff has failed to show a genuine issue for trial. Accordingly, summary judgment in favor of Officer Edwards is appropriate.

A.  **Qualified Immunity**

"Under the doctrine of qualified immunity, 'government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Determining whether government officials are entitled to qualified immunity generally requires two inquiries: "First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the right clearly established at the time of the violation?" *Id*. at 538–39. Further, these two these prongs need not be considered sequentially. *See Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)).

Qualified immunity "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law,'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986)), and applies irrespective of whether the official's error was a mistake of law or a mistake of fact, or a mistake based on mixed questions of law and fact. *See Pearson*, 555 U.S. at 231. In this case, to defeat Defendant's claim of qualified immunity Plaintiff must show that, under the circumstances, a reasonable officer in

4

Defendant's position would have understood that no probable cause existed to arrest Plaintiff for Operating While Intoxicated, in violation of MCL 257.625(1). *See, e.g., Nettles-Nickerson v. Free*, 687 F.3d 288, 291 (6th Cir. 2012).

As summarized by the Court on the record and stated above, upon arriving at Plaintiff's home in response to a 911 call, Officer Edwards encountered an individual (Plaintiff) who appeared to be visibly intoxicated. Officer Edwards then began to question Plaintiff, and after Plaintiff stated that she had driven herself home, Officer Edwards performed various field sobriety tests, all of which Plaintiff failed. Officer Edwards then administered a PBT to Plaintiff, which registered a blood alcohol content of .149—far above the statutory limit of .08. Based on Officer Edwards' knowledge, training, and experience, he believed "that blood alcohol can only raise or only lower at a particular rate … .025 on an increase or .015 on a decrease per hour" (Dkt. 28, Ex. A, Dep. Tr. at 20:12-17). Officer Edwards therefore inferred that due to what he understood to be an unchangeable, physiological limitation, Plaintiff's blood alcohol content must have been over the legal limit when she had recently driven herself home. Accordingly, it was entirely reasonable for someone in Officer Edwards' position to conclude that it was more likely than not that Plaintiff had been intoxicated while operating her vehicle, in violation of state law. Even assuming that Plaintiff had driven home as much as two hours prior to the administration of the PBT, and that Plaintiff had consumed a significant quantity of alcohol upon arriving home, Officer Edwards' training allowed him to draw a reasonable conclusion that Plaintiff's blood alcohol content was likely above

5

the legal limit when she was operating her vehicle. These facts do not support the argument that a constitutional violation occurred; nor do they make out a case for unreasonable seizure, false arrest, or false imprisonment. Consequently, Officer Edwards is entitled to qualified immunity because, in light of these facts, it was not unreasonable for him to believe that probable cause existed to arrest Plaintiff for operating while intoxicated.

**B.     Governmental Immunity**

As to Plaintiff's state law intentional tort claims for false arrest and false imprisonment, Officer Edwards claims that he should be entitled to governmental immunity. Under Michigan law, a defendant is entitled to individual governmental immunity if:

> (a) [t]he acts were undertaken during the course of employment and the employee was acting, or reasonably believed he was acting, within the scope of his authority,
>
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
>
> (c) the acts were discretionary, as opposed to ministerial.

*Odom v. Wayne Cnty.*, 482 Mich. 459, 480 (2008).

First, under Michigan law an officer's decisions regarding an arrest are considered both discretionary and within the scope of their authority. *See id*; *Norris v. Lincoln Park Police Officers*, 292 Mich. App. 574, 579, *app. denied*, 490 Mich. 917 (2011). Thus, to defeat Officer Edwards' claim of governmental immunity, Plaintiff must show that Officer Edwards acted with malice.

6

Plaintiff has failed to put forth any evidence to suggest that Officer Edwards was acting with malice on the night of her arrest.[4] Further, the good-faith requirement of governmental immunity is "subjective in nature." *Odom*, 482 Mich. at 482. "A police officer would be entitled to immunity under [the test first set forth in *Ross v. Consumers Power Co.*] if he acted in good faith and honestly believed that he had probable cause to arrest, even if he later learned that he was mistaken." *Id.* (citing *Ross v. Consumers Powers Co.*, 420 Mich. 567, 363 N.W.2d 641, 667-68 (1984) (on rehearing)). Therefore, Officer Edwards is entitled to governmental immunity as to Plaintiff's state law claims.

### III. CONCLUSION

For the reasons stated above and on the record at the conclusion of the hearing held on February 12, 2014, Defendant Officer Edwards' Motion for Summary Judgment is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

Dated: February 13, 2014             s/Terrence G. Berg
                                                    TERRENCE G. BERG
                                                    UNITED STATES DISTRICT JUDGE

---

[4] When questioned as to what proof existed as to malice, Plaintiff's counsel suggested that Officer Edwards may have been biased against Plaintiff, as a result of a prior incident involving a traffic stop outside Plaintiff's home. This argument fails for two reasons. First, nothing in the version of events offered by Plaintiff's counsel comes close to the constituting malice. Second, the version of the facts stated by Plaintiff's counsel is ultimately not supported by Plaintiff's own deposition testimony. (*See* Dkt. 28, Ex. B, Pl. Dep. Tr. at 20:4-22:18). As described by Plaintiff, the previous encounter with Officer Edwards did not suggest any malice, bias or prejudice in Edwards' conduct.

7

**Certificate of Service**

    I hereby certify that this Order was electronically submitted on February 13, 2014, using the CM/ECF system, which will send notification to all parties.

                                        s/A. Chubb
                                        Case Manager